**STATE of Maine,**

v.

**Lisa PIERRE.**

Supreme Judicial Court of Maine.

Submitted on briefs Oct. 3, 1994.

Decided Nov. 2, 1994.

---

Gepffrey Rushlau, Dist. Atty., E. Erik Laurentz, Asst. Dist. Atty., Wiscasset, for State.

---

**334**

Caroline Gardiner, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Lisa Pierre appeals from a conviction in the Superior Court (Sagadahoc County, *Perkins, J.*) on one count of reckless conduct with the use of a dangerous weapon (a motor vehicle) and one count of driving to endanger. Pierre contends that the court improperly denied her a jury instruction on the lesser included offense of reckless conduct, Class D.[1] Because we find that the trial court properly charged the jury, we affirm the conviction.

The facts may be summarized as follows: Anthony Pierre (Anthony) and Lisa Pierre (Pierre) were married, though not living together, when Anthony went to Pierre's apartment to visit with his children and to retrieve some of his belongings. After several requests by Pierre that Anthony leave, the couple got into a physical altercation. Pierre then left the apartment, soon returned, and continued the dispute with Anthony. Pierre left the apartment a second time, got into her car and drove the car into the front wall of the apartment building several times. At least two of the young children were near the front of the apartment where the car struck the building.

A grand jury indicted Pierre on three counts: aggravated criminal mischief; reckless conduct with the use of a dangerous weapon; and driving to endanger. After a jury trial, Pierre was acquitted of aggravated criminal mischief but found guilty of reckless conduct with the use of a dangerous weapon and driving to endanger. The court sentenced Pierre to two years at the Department of Corrections, all suspended, with two years of probation. The court also imposed a fine of $400 and suspended Pierre's driver's license for 45 days. This appeal followed.

A jury instruction on a lesser included offense does not have to be given unless the issue is supported by the evidence and a rational basis exists for the jury to find the defendant guilty of the lesser offense. *State v. Barden*, 432 A.2d 404, 412 (Me.1981), *cert. denied*, 454 U.S. 1088, 102 S.Ct. 648, 70 L.Ed.2d 624 (1981); 17–A M.R.S.A. § 13–A (1983). The statutory definitions of reckless conduct[2] and use of a dangerous weapon[3] each require proof of a common element, the risk of serious bodily injury. To establish reckless conduct, the State must prove the defendant recklessly created a "substantial risk of serious bodily injury" to the victim. 17–A M.R.S.A. § 211(1) (1983). In order to establish that the object used in the commission of the reckless conduct was a dangerous weapon, the State must prove that the object was capable of producing death or serious bodily injury. 17–A M.R.S.A. § 2(9)(A) (1983). If the State failed to prove that the weapon was capable of producing death or serious bodily injury, a jury could not reasonably find a risk of serious bodily injury sufficient to find reckless conduct. Without the use of the dangerous weapon, there would be no reckless conduct.

In the instant case, Pierre allegedly used the automobile in a manner capable of producing death or serious bodily injury. If the

---

1. Drawing an insupportable distinction between a chargeable crime and a sentencing class, Pierre also contends that there is no basis under our criminal statutes for charging her with the Class C offense of reckless conduct with the use of a dangerous weapon. That argument is clearly wrong. *See* 17–A M.R.S.A. § 1252(4) (1983). In order to establish the Class C sentencing class, the State had to charge Pierre with the Class C offense of reckless conduct with the use of a dangerous weapon and prove every element of the offense at trial, including the use of a dangerous weapon.

2. "A person is guilty of reckless conduct if he recklessly creates a substantial risk of serious bodily injury to another person." 17–A M.R.S.A. § 211(1) (1983).

3. " 'Use of a dangerous weapon' means the use of a firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which, in the manner it is used or threatened to be used is capable of producing death or serious bodily injury." 17–A M.R.S.A. § 2(9)(A) (1983).

jury had found to the contrary, and hence concluded that Pierre's use of the automobile did not constitute the use of a dangerous weapon, there would have been no rational basis for the jury to conclude that Pierre had created the substantial risk of serious bodily injury necessary to prove reckless conduct.

The entry is:

Judgment affirmed.

All concurring.